# **EXHIBIT 1**

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

1. This Settlement Agreement and Release of All Claims ("Agreement") is made and entered into this _____ day of _____, 2020, by and between T. Greg Tucker and Debra Tucker, individually and on behalf of their minor child, B.T., (collectively "Releasors") and Principal Garret Anderson, School Psychologist Kendra McPherson, Sierra Bonita Elementary School, Nebo School District, and the State of Utah (collectively "State Defendants").

2. In consideration of the fully executed Agreement, State Defendants will pay to Releasors the total sum of Forty Thousand Dollars ($40,000.00).

3. In consideration of the promises and obligations made in this Agreement and effective upon the full execution of the same, Releasors hereby release and forever discharge State Defendants, and any of their insurers, attorneys, successors, assigns, divisions, departments, facilities, directors, officers, employees, agents, representatives, servants, administrators and predecessors, of and from any and all claims (whether known or unknown), liens, actions, causes of action, judgments, indebtedness, controversies, obligations, liabilities for injury, losses, and damages, and from all other demand whatsoever of any kind, nature and description, arising out of or in any way related to the events more fully set forth in the files and records of the lawsuit originally filed in the Fourth District Court, Utah County, Case No. 150701181, and later removed to the United States District Court, District of Utah, Case No. 2:19-cv-00944-HCN, entitled *T. Greg and Debra Tucker, on behalf of themselves and minor child B.T. vs. Principal Garret Anderson, School Psychologist Kendra McPherson, Sierra Bonita Elementary School, and Nebo School District,* ("Lawsuit"). Within 30 days of the execution of this Agreement, Releasors shall file with the above-referenced court all necessary documentation to dismiss the Lawsuit with prejudice.

4. The Releasors and State Defendants (collectively "Parties") understand and agree that this is a mutual release of all claims, and includes, but is not limited to, claims for the following: violation of Title IX, negligence, 42 USC § 1983, attorney fees and costs, and claims of any other kind or character. The Parties further agree that this mutual release encompasses claims for pecuniary damages, consequential damages, interest, attorney fees, litigation expenses and punitive damages.

5. Releasors understand and agree that the occurrences outlined in the Lawsuit may have caused injuries or damages or given rise to claims for damages, to either Releasors or B.T., the existence of which and the consequences of which are now unknown but which may become known in the future. Releasors nevertheless intend to and do release all claims for all injuries, damages, or claims of whatever type or nature, to either Releasors or B.T., whether now known or unknown and whether now in existence or hereafter to arise. Releasors understand that the damages and injuries sustained by B.T. may be permanent and progressive and that the recovery therefrom is uncertain and indefinite, and in making this release and agreement, it is agreed that Releasors rely wholly upon their own judgment, belief and knowledge of the nature, extent and duration of said damages and injuries and that no representations, opinions, or statements regarding said damages and injuries or regarding any other matters by the State Defendants or any other person or persons representing State Defendants have influenced Releasors to any extent whatsoever in making this Agreement.

6. Releasors represent and agree that there are no outstanding unresolved subrogation claims or liens: (a) for reimbursement of any attorney, healthcare provider, or other expenses incurred by Releasors or B.T. or on Releasors' or B.T.'s behalf in any way connected with any released claim;

or (b) for reimbursement of amounts paid on Releasors' or B.T.'s behalf by any third party, including, but not limited to, any insurer or any government program or agency, in any way connected with any released claim. To the extent such liens or claims exist, Releasor agrees to pay, hold harmless, indemnify and defend State Defendants, and their insurers and attorneys, from any such claim, lien, or action to recover such conditional payment amounts or penalties affixed, and all costs and fees incurred, including reasonable attorney fees. In the event any such claim for reimbursement is subsequently made against any of the State Defendants, Releasors agree to defend, indemnify and hold State Defendants harmless from and against all such claims.

7. Releasors understand and agree that they are entering into this Agreement for and on behalf of B.T., their minor child, and that the terms of this Agreement are now and shall be equally binding on B.T. when he reaches the age of majority. In the event B.T., upon reaching majority, brings any claims against State Defendants for injuries arising out of or in any way related to the events more fully set forth in the files and records of the Lawsuit, Releasors agree to defend, indemnify, and hold State Defendants harmless from and against all such claims.

8. Releasors represent that there is no known Medicare or Medicaid lien or claim relating to any professional services arising from the Lawsuit. To the extent such liens or claims exist, Releasors agree to pay, hold harmless, indemnify and defend State Defendants, and their insurers and attorneys, from any such claim, lien, or action to recover such conditional payment amounts or penalties affixed, and all costs and fees incurred, including reasonable attorney fees. Releasors further agree to unconditionally and upon demand indemnify and hold harmless State Defendants and their counsel from any and all penalties and/or fines incurred under Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 as a result of Releasors failure to provide timely and accurate information regarding Releasors' or B.T.'s status as Medicare beneficiaries.

9. The Parties agree that the aforesaid sum constitutes a paid-in-full compromise and settlement of a disputed claim for the purpose of avoiding further expense to the Parties, and that none of the Parties admit any liability, violation of any constitutional right, negligence, fault, or other legal obligation and specifically deny all such liability, or fault.

10. This Agreement contains the entire agreement between Releasors and State Defendants, and the terms of this Agreement are contractual and not a mere recital.

11. Releasors understand and agree that this Agreement supersedes all prior and contemporaneous oral and written agreements and discussions and shall be binding upon Releasors' respective heirs including B.T., executors, administrators and assigns.

12. The Parties represent and warrant as follows:

(a) The Parties have received independent legal advice from their respective attorneys with respect to the advisability of making the settlement provided for herein and with respect to the advisability of executing this Agreement.

(b) The Parties do not rely nor have they relied upon any statement, representation, omission, promise of any other party (or of any officer, agent, employee, representative or attorney for any other party), in executing this Agreement, or in making the settlement provided for herein, except as expressly stated

2

in this Agreement.

(c) The Parties have investigated the facts pertaining to this settlement and this Agreement, and all matter pertaining hereto, to the full extent they deem necessary.

(d) The Parties have carefully read and reviewed with their respective attorneys, and know and understand the full contents of this Agreement, that the individuals signing this Agreement are authorized to execute this Agreement on behalf of the entities and individuals identified, and are voluntarily executing this Agreement upon the advice of their attorneys.

(e) The Parties will execute all such additional documents as shall be necessary to carry out the provisions of this Agreement and to dismiss the Action.

13. The Parties shall each bear their own costs, including attorney fees, incurred in connection with this case.

14. This Agreement has been and shall for all purposes be deemed to have been executed and delivered within the State of Utah, and the rights and obligations of the parties hereto shall be construed and enforced and governed by the laws of the State of Utah.

15. The Parties shall not make, communicate or otherwise publish, directly or indirectly and regardless of whether in writing, verbally or in any electronic, online or other media (including electronic bulletin boards or chat rooms), any inaccurate, incomplete, slanderous, misleading or otherwise disparaging statements, comments or remarks about the other Parties, their services or its officers, directors, employees or agents.

16. Except as provided by law, the Parties shall keep the terms of this settlement **confidential**. No party shall disclose the terms of the settlement or the facts, allegations, or other details of the litigation to any other parties, except as provided by law and to those who have a legitimate need to know and then only to the extent of such need. Any disclosures made by a party as exceptions to the non-disclosure obligation shall be made only after disclosing the existence of the non-disclosure provision and obtaining signed consent by the party to whom disclosure is made that he or she will be bound thereby.

17. This Agreement is binding upon and shall inure to the benefit of the Parties hereto and their respective agents, employees, representatives, officers, directors, subsidiaries, assigns, heirs, and successors in interest.

18. Releasors and State Defendants have cooperated in, and in any construction to be made of this Agreement shall be deemed to have cooperated in, the draft and preparation of this Agreement which consists of six (6) pages, including signature pages.

//

//

//

DATED this \_\_\_\_\_ day of _____, 2020.

_____
T. Greg Tucker

STATE OF UTAH            )
                         :ss.
COUNTY OF _____  )

On the \_\_\_\_\_ day of _____, 2020, personally appeared before me T. Greg Tucker, a signer of the foregoing instrument, who acknowledged to me that he has read the Agreement, understands its contents, and executed the document of his own free will.

_____
Notary Public

DATED this \_\_\_\_\_ day of _____, 2020

_____
Debra Tucker

STATE OF UTAH            )
                         :ss.
COUNTY OF _____  )

On the \_\_\_\_\_ day of _____, 2020, personally appeared before me Debra Tucker, a signer of the foregoing instrument, who acknowledged to me that she has read the Agreement, understands its contents, and executed the document of her own free will.

_____
Notary Public

4

DATED this _____ day of _____, 2020.

_____
Garret Anderson

| STATE OF UTAH | ) |
|---|---|
| | :ss. |
| COUNTY OF _____ | ) |

On the _____ day of _____, 2017, personally appeared before me Garret Anderson, a signer of the foregoing instrument, who acknowledged to me that he has read the Agreement, understands its contents, and executed the document of his own free will.

_____
Notary Public

DATED this _____ day of _____, 2020.

_____
Kendra McPherson

| STATE OF UTAH | ) |
|---|---|
| | :ss. |
| COUNTY OF _____ | ) |

On the _____ day of _____, 2017, personally appeared before me Kendra McPherson, a signer of the foregoing instrument, who acknowledged to me that she has read the Agreement, understands its contents, and executed the document of her own free will.

_____
Notary Public

DATED this _____ day of _____, 2020.

                                                      _____
*Sierra Bonita Elementary School and Nebo School District*
By: Richard C. Nielsen
Its: Superintendent

| | |
|---|---|
| STATE OF UTAH | ) |
| | :ss. |
| COUNTY OF _____ | ) |

On the _____ day of _____, 2020, personally appeared before me Richard C. Nielsen, a representative of Sierra Bonita Elementary School and Nebo School District, who acknowledged to me that he has read the Agreement, understands its contents, and executed the document on behalf of Sierra Bonita Elementary and Nebo School District of his own free will.

                                                      _____
Notary Public