IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREG AND DEBRA TUCKER,<br><br>On behalf of themselves and minor child B.T.,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCIPAL GARRET ANDERSON, SCHOOL PSYCHOLOGIST KENDRA MCPHERSON, SIERRA BONITA ELEMENTARY SCHOOL, and NEBO SCHOOL DISTRICT,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER APPOINTING CONSERVATORS FOR THE ESTATE OF B.T. AND APPROVING SETTLEMENT AGREEMENT**<br><br>Case No: 2:19-cv-00944-HCN-DBP<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiffs have moved the court to appoint a Conservator for the Estate of B.T. and to approve a settlement agreement. The motion is **GRANTED**.[*]

Based on its review of the parties' representations and the proposed settlement agreement, the court makes the following findings:

1. The proposed settlement is fair and reasonable. B.T. will receive substantial compensation—over twenty-four thousand dollars after attorney's fees and costs—in exchange for waiving his claims against defendants.

---

[*] B.T.'s parents are proceeding as his next friends under Federal Rule of Civil Procedure 17(c)(2) rather than as duly appointed representatives under Rule 17(c)(1). *See Garrick v. Weaver*, 888 F.2d 687, 692 (10th Cir. 1989). Under Rule 17(c)(2), the court must accordingly "appoint a guardian ad litem—or issue another appropriate order—to protect" B.T.'s interests. The court finds that appointing B.T.'s parents as his conservators is an appropriate order to protect his interests in this matter. *See, e.g.*, *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).

2. There is no evident conflict of interest between B.T. and his parents. *See Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019).

3. Pursuant to the settlement, B.T. will receive money that will require management and protection.

4. The terms of the court's order are appropriate and sufficient to protect B.T.'s interest in the money that he receives.

The Court hereby **ORDERS** as follows:

A. Plaintiffs are authorized to sign the Settlement Agreement on behalf of B.T. and to release all claims of the minor child against Defendants that pertain to the injuries sustained by B.T. and all other claims arising from Defendants' failure to investigate Mr. Villar;

B. Plaintiffs' attorneys are awarded attorney's fees of $13,333.33 (33.33%), and costs advanced in the amount of $2,487.50, to be paid from the settlement amount as provided for in the retainer agreement;

C. The net proceeds of $24,179.17 shall be used to purchase an annuity as described in the Motion, namely a AAA rated annuity backed by Nationwide Insurance which protects the principal from risk;

D. Plaintiffs are appointed as conservators of the minor child as a necessary and desirable means of protecting and managing the settlement proceeds specified in the Settlement Distribution;

E. Plaintiffs' powers as conservators under this order shall be limited to the protection and management of the proceeds specified in the Settlement Distribution;

F. The Plaintiffs shall have no ability to withdraw from the annuity prior to the minor child's age of majority without prior court approval;

G. The annuity shall be set up to be paid to the minor child when he reaches the age of majority;

H. Letters of Conservatorship shall be issued.

Dated this 9th Day of July, 2020.

By the Court:

_____
Howard C. Nielson, Jr.
United States District Judge